# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **HEATHER LYDA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:06-CV-353 (TJW) |
| | § | |
| **MAZDA MOTOR CORPORATION,** | § | |
| **MAZDA MOTOR OF AMERICA, INC.** | § | |
| **AND FORD MOTOR COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |

## AGREED JUDGMENT

On this day, came on to be heard the above-styled and numbered cause wherein appeared Heather Dawn Lyda ("Plaintiff"), and Mazda Motor of America, Inc. d/b/a Mazda North American Operations, Mazda Motor Corporation and Ford Motor Company ("Defendants"), and the above parties having waived a jury, it was announced to the Court that an agreement for settlement of all matters in controversy between Plaintiff and Defendants in their respective capacities as set out above has been reached; and

It further appears to the Court that Plaintiff and Defendants desire to compromise and settle their dispute, but recognize that damages have been incurred and have accrued in the past and that damages will be incurred and will accrue in the future; and

It appears to the Court that the total settlement is in consideration of all of Plaintiff's damages with respect to Plaintiff's claims against Defendants both past and future, and the payment is in recognition of the fact that these damages have, in fact, partially accrued in the past and will continue to accrue in the future; and

It further appears to the Court that an agreement for settlement has been reached by Plaintiff and Defendants and under its terms, states it is subject to the approval of the Court. The terms of this agreement, which are memorialized in a Confidential Settlement Agreement and Release ("Agreement"), provide for payments as described in Exhibit A filed under seal herein in full and final settlement of all past and future claims, demands, and causes of action which have been held or may now or in the future be owned or held by or on behalf of Plaintiff, including, without limitation, those for wrongful death, personal injury, physical pain and suffering, mental pain and anguish, physical impairment, disfigurement, loss of earnings, loss of earning capacity, loss of consortium, subrogation, pecuniary losses and/or any other losses, psychiatric or psychological expenses, doctors' fees, hospital expenses, nursing home expenses, Medicare and/or Medicaid expenses, attorneys' fees, costs of court and all other damages of every kind whatsoever, whether known or unknown, including any claims, demands or causes of action which have arisen, or may arise, as a result of the accident which occurred on or about December 29, 2005 in Bowie County, Texas.

In consideration of the release set forth herein, Defendants agree to pay the sums described in Exhibit A filed under seal herein.

It further appears to the Court that the terms of said Agreement provide that Plaintiff will pay all fees and expenses due to Plaintiff's attorneys from the settlement amounts set forth in the Agreement. Plaintiff and Plaintiff's attorneys acknowledge and agree that Defendants and the other released parties and entities shall bear no responsibility for payment of Plaintiff's attorneys' fees; and

It further appears to the Court that under the terms of the Agreement, Plaintiff is responsible for any and all potential or future tax liabilities. Plaintiff and Plaintiff's attorneys

acknowledge and agree that Defendants and the other released parties and entities shall bear no responsibility for payment of any potential or future tax liabilities of Plaintiff, which may in any way be related to the accident made the basis of this lawsuit or the Agreement; and

It further appears to the Court that the terms of said Agreement provide that the settlement, subject to the approval of the Court, is to be considered a full and final settlement of and a complete release, discharge and bar to all claims, demands, controversies, actions or causes of action by or on behalf of Plaintiff, against Defendants and their agents, servants, authorized dealers, legal representatives, related entities, component part suppliers (specifically including Northrop Grumman Space & Mission Systems Corp., formerly known as TRW Inc.), parent companies, subsidiaries, employees, directors, shareholders, members, officers and insurers (specifically including The Tokio Marine & Nichido Fire Insurance Company, Ltd.), and all persons, firms, organizations, or corporations in privity with the foregoing (even if such persons or entities are not specifically named in the Agreement) (collectively "Releasees") for any and all actual damages, including but not limited to, wrongful death, personal injury, physical pain and suffering, mental pain and anguish, physical impairment, disfigurement, loss of earnings, loss of earning capacity, loss of consortium, subrogation, pecuniary losses and/or any other losses, including exemplary damages, and/or treble damages, psychiatric or psychological expenses, doctors' fees, hospital expenses, Medicare and/or Medicaid expenses, attorneys' fees, costs of court and all other damages of every kind whatsoever, whether known or unknown, including any claims, demands or causes of action which have arisen, or may arise, as a result of the accident which occurred on or about December 29, 2005, in Bowie County, Texas. Plaintiff, by and through her representatives, understands and agrees that the Agreement may be pled as an absolute and final bar to any and all suits, claims, actions or causes of action released by the

Agreement; and that all releases that pertain to the liability of the aforementioned parties, persons and/or entities shall become final, irrevocable and absolute upon the signing of the Agreement; and

It further appears that Plaintiff has agreed to INDEMNIFY, HOLD HARMLESS AND DEFEND Releasees and anyone in privity with Releasees from any claims, demands, actions or causes of action of whatsoever nature which have been or may hereafter be asserted by any person, firm or entity claiming by, through, on behalf of, in the name of or under Plaintiff and relating in any way to the above-described accident, including any claims, cross claims, counterclaims or subrogation, which may at any time in the future be made against Releasees or anyone in privity with Releasees. Plaintiff has further agreed to INDEMNIFY, HOLD HARMLESS AND DEFEND Releasees and anyone in privity with Releasees from any claims, demands, actions or causes of action of whatsoever nature which have been or may hereafter be asserted by any person, firm or entity for any alleged injuries, damages and/or losses, including attorneys' fees, expenses, or liens pertaining to this lawsuit; and

The agreements to indemnify expressly apply without limitation even to actual or alleged negligence, gross negligence, breach of express or implied warranties, strict products liability, violation of the Texas Deceptive Trade Practices-Consumer Protection Act, or violation of any act or statute of any other state or the United States, or any other statutory violation by Releasees, and further providing that Plaintiff has agreed to indemnify and hold harmless Releasees and anyone in privity with Releasees from all hospital liens or hospital bills, nursing home liens, nursing home bills, Medicare liens, Medicaid liens, or health care liens incurred by Plaintiff as a result of the accident in question; and

It further appears to the Court that the duly licensed attorney, Greg Love, has been appointed Guardian Ad Litem by the Court to advise the Court. It is hereby ORDERED that he be awarded the sum of $2,000.00 for his services; and it is FURTHER ORDERED that this sum shall be paid by Plaintiff and/or her attorneys. Said Guardian Ad Litem having asked for and received reasonable time to acquaint himself with the facts and the law herein and, after study and deliberation, has reported to the Court that, in his opinion, the agreement of settlement presented to the Court is appropriate and in the best interests of Heather Dawn Lyda; and

It further appears to the Court that Plaintiff Heather Dawn Lyda has executed and agreed to deliver a Confidential Settlement Agreement and Release as part of the settlement in this case; and that said Confidential Settlement Agreement and Release need not be required to be filed of record with this Court; and

It is further understood by the parties that the Confidential Settlement Agreement and Release is subject to the approval of the Court; and

In accordance with the agreement of the parties and the recommendation of the Guardian Ad Litem, the Court approves the settlement as set forth in the Agreement.

The Court, having read the pleadings in this case and having heard full testimony, finds that there is a question as to liability in this case, and that there is an issue also as to the extent of damages to which Plaintiff is entitled, and the Court further finds from the evidence that such agreement of settlement is a compromise settlement agreement and is not an admission of liability on the part of Defendants herein; and

It is further **ORDERED, ADJUDGED AND DECREED** by the Court that Plaintiff does have and recover of and from Defendants the total sum described in Exhibit A filed under seal herein.

It appears to the Court upon rendition of the foregoing judgment, that Defendants have agreed to fully pay and discharge same in its entirety in the manner prescribed in this judgment, and in accordance with the provisions thereof, it is **ORDERED, ADJUDGED AND DECREED** by the Court that no execution issue on this judgment and that Defendants and the other released parties be declared fully discharged from any liability under the provisions of this judgment and fully discharged from any liability based on any claims, demands or causes of action arising out of the accident made the basis of this suit as set forth hereinabove and that all such claims are DISMISSED WITH PREJUDICE ; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that any and all attorneys' fees, litigation expenses, Guardian Ad Litem fees and expenses or other such costs incurred by or on behalf of Plaintiff shall be made from the settlement proceeds as set forth in the Confidential Settlement Agreement and Release;

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the amount of this settlement between Plaintiff and Defendants shall remain confidential as agreed to by the parties in the Confidential Settlement Agreement and Release.

**IT IS SO ORDERED.**

SIGNED this 11th day of July, 2007.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

**WE APPROVE THIS AGREED JUDGMENT
AS TO FORM AND AGREE TO THE ENTRY
OF THE JUDGMENT:**


_____/s/ Greg Love (w/ permission)\_\_\_\_\_
**GREG LOVE**
Guardian Ad Litem appointed by the Court to
advise the Court


_____/s/ Robert E. Ammons (w/ permission)\_
**ROBERT E. AMMONS
KAY K. MORGAN**
Attorneys for Plaintiff Heather Dawn Lyda


_____/s/ David P. Stone_____
**DAVID P. STONE
DAVID H. ESTES**
Attorneys for Defendants
Mazda Motor of America, Inc. d/b/a
Mazda North American Operations,
Mazda Motor Corporation and
Ford Motor Company